1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY SCHULTZ, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation d/b/a UNITED AIRLINES; NORTHWEST AIRLINES, INC., a Delaware corporation; and DELTA AIR LINES, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. C10-1263 RSM<br><br>ORDER GRANTING DEFENDANT UNITED AIRLINES' MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on a Motion to Dismiss (Dkt. #24) brought by Defendant United Airlines, Inc. ("Defendant"). Plaintiff Tony Schultz ("Plaintiff") alleges in his First Amended Complaint (Dkt. #20) that Defendant breached a contract as a result of its failure to load his baggage onto his flight after Plaintiff paid the checked baggage fee. Plaintiff seeks to

bring a class action consisting of all passengers whose baggage was lost, delayed, or damaged after having been charged a baggage fee by Defendant. Plaintiff brings claims for breach of contract, breach of covenant of good faith and fair dealing, and negligent misrepresentation. Defendant seeks dismissal of all claims on the grounds that Plaintiff lacks standing, that Plaintiff's claims are preempted by the Airline Deregulation Act, and that Plaintiff does not state a claim for breach of contract.

## II. BACKGROUND

Plaintiff alleges that on October 26, 2009, Defendant charged him a baggage fee to deliver his bag on a flight from Seattle to Sydney, Australia. Defendant allegedly failed to load Plaintiff's baggage onto the flight. Plaintiff alleges that by charging a fee, a contract was created. However, Defendant contends that no contract was created by Plaintiff's payment; and therefore Plaintiff has no right to a refund. Rather, Defendant argues that the terms of the ticket establish the contract of carriage, also known as the Conditions of Carriage, which is the controlling contract in this dispute.

## III. DISCUSSION

The fee that Plaintiff paid to Defendant was not a baggage fee. Rather, it was a fee charged by the airline when Plaintiff changed his flight reservation. Defendant confirms that Plaintiff never paid a fee to check baggage, which is consistent with its International Checked Baggage policy that allows two free checked bags on international flights. Plaintiff's claims all derive from the allegation that he paid a baggage fee. Without having paid a baggage fee Plaintiff's claims must be dismissed. Absent payment of a baggage fee, Plaintiff lacks standing to bring the claims that he has alleged. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

1

## IV. CONCLUSION

2       Having reviewed the relevant pleadings, declarations, and the remainder of the record,

3 the Court hereby finds and ORDERS:

4       (1) Defendant United Airlines' Motion to Dismiss (Dkt. #24) is GRANTED.

5

6       Dated January 28, 2011.

7

8

9                                    RICARDO S. MARTINEZ

10                                    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24