UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY SCHULTZ, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., a Delaware corporation d/b// UNITED AIRLINES, et al.,<br><br>Defendants. | CASE NO. C10-1263RSM<br><br>ORDER |

This matter is before the Court for consideration of plaintiff's Rule 56(d) motion to defer consideration of a motion for summary judgment. Dkt. # 41. Fed.R.Civ.P. 56(d). The motion relates to the Court's January 28, 2011 Order converting defendant Delta Airlines' Rule 12(b)(6) motion to dismiss to a motion for summary judgment. Dkt. # 39. Upon consideration of the Rule 56(d) motion and defendant's opposition, the Court has *sua sponte* reconsidered its Order of conversion and shall vacate it.

ORDER - 1

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court generally "may not consider any material beyond the pleadings." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001). When "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). Two exceptions exist to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion: material properly submitted (or should have been submitted) as part of the complaint (including attachments to the complaint), and material subject to judicial notice under Federal Rule of Evidence 201. *Lee*, 250 F.3d at 688-89. The Court may also consider court records and opinions in other cases without converting a motion to dismiss into a summary judgment motion. *In re American Continental Corporation/Lincoln Sav. & Loan Securities Litigation*, 102 F.3d 1524 (9th Cir. 1996), *cert. granted*, 520 U.S. 1227, 117 S. Ct. 1818, 137 L. Ed. 2d 1026 (1997) *and rev'd*, 523 U.S. 26, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998).

In moving to dismiss plaintiff's amended complaint, Delta asked that the Court take judicial notice of its Conditions of Carriage, as the relevant contract to plaintiff's breach of contract claim, and selected public filings related to the merger of Northwest Airlines and Delta Airlines. Request for Incorporation by Reference and Judicial Notice, Dkt. # 22. These materials are not the type of "matters outside the pleadings" which require conversion of the motion. Matters outside the pleadings generally include Rule 56 materials such as depositions, documents, affidavits or declaration, admissions, and other factual material of evidentiary value. Fed.R.Civ.P. 56(c)(1)(A). The Court has determined that it may take judicial notice of the materials as requested without converting the motion. It has not yet determined, however, whether it will actually rely on them in deciding the motion to dismiss.

Accordingly, it is hereby ORDERED:

(1) the Court's Order on Conversion (Dkt. # 39), converting Delta's motion to dismiss to a motion for summary judgment is VACATED; and

(2) plaintiff's Rule 56(d) motion to defer consideration of Delta's motion for summary judgment is DENIED as moot. The Court shall consider the motion to dismiss as it has been fully briefed, and an Order shall issue shortly.

Dated this 25th day of March 2011.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3