HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY SCHULTZ, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs.<br><br>v.<br><br>UNITED AIR LINES, INC., a Delaware corporation d/b/a UNITED AIRLINES, NORTHWEST AIRLINES, INC., a Delaware corporation; and DELTA AIR LINES, INC., a Delaware corporation,<br><br>Defendant. | **Case No. 2:10-cv-01263-RSM**<br><br>**SECOND AMENDED COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL REQUESTED** |

---

**PLAINTIFF'S SAC**
**Case No. 2:10-cv-01263-RSM**

**ONGARO BURTT & LOUDERBACK LLP**
595 Market Street, Suite 610
San Francisco, CA 94105
Telephone: 415-433-3900  Facsimile: 415-433-3950

Plaintiff TONY SCHULTZ ("Plaintiff" or "Schultz"), individually and on behalf of all others similarly situated ("Plaintiffs"), by and through his counsel, for his Complaint against Delta Air Lines, Inc. (hereinafter "Defendant" or "Delta"), hereby states and alleges as follows:

**I. INTRODUCTION**

1. Following American Airlines' lead in 2008, Delta, in pursuit of increased revenue, began charging all domestic travelers a fee for the handling and transportation of passengers' bags to their destinations.

2. When Delta completed its merger with Northwest Airlines, Inc. (the combined entities are referred to herein as "Delta") in October 2008, it became the largest airline carrier in the world.

3. Upon information and belief, on September 26, 2008, Delta and Northwest Airlines, Inc. announced shareholder approval merging the two entities. On October 28, 2008, the Department of Justice granted final regulatory approval of Delta's acquisition of Northwest Airlines, Inc. On December 31, 2009, Northwest Airlines, Inc.'s operating certificate expired.

4. Before the close of 2008, Delta implemented a baggage charge on all domestic flights in the United States.

5. For example, on domestic flights in the United States (including flights to, from, and between Puerto Rico and the U.S. Virgin Islands), Delta in 2009 charged passengers a fee of $15 for the first bag checked and $25 for the second bag checked.

6. Along with Delta's imposition of these new baggage fees came its obligation to handle passenger baggage with care and deliver it to the passenger's ultimate destination with the passenger.

7. Delta breaches its agreements with passengers each time it damages, delays, or loses baggage and fails to refund the baggage fee to the affected passenger.

**PLAINTIFF'S SAC** - 1 - **ONGARO BURTT & LOUDERBACK LLP**
Case No. 2:10-cv-01263-RSM
595 Market Street, Suite 610
San Francisco, CA 94105
Telephone: 415-433-3900  Facsimile: 415-433-3950

8. Although loss or delay of some baggage may be unavoidable, Delta is not entitled to retain the baggage fee collected from passengers whose baggage it has lost, damaged, or delayed.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2).

10. Delta routinely conducts business in Washington State and with the residents of this jurisdiction.  Representative Plaintiff is a resident and citizen of King County, Washington.

11. Upon information and belief, Delta is a Delaware corporation and conducts business in the State of Washington and nationwide.

12. The amount in controversy exceeds $5,000,000 when the claims of the class members are aggregated.

13. According to the Department of Transportation ("DOT"), Delta mishandled 29,800 bags in October 2009.

14. A refund of all baggage fees charged to affected class members during the statute of limitations would far exceed the jurisdictional requirements of CAFA.

15. Venue is proper in this action under 28 U.S.C. § 1391(c).

## III. GENERAL ALLEGATIONS

16. Delta is a United States airline carrier in the business of providing commercial passenger service throughout the United States and the world.

17. In 2008, American Airlines began charging passengers for the handling and delivery to a set destination of all baggage passengers checked with the airline.

18. Certain other airlines rebuffed the trend of implementing baggage charges.

19. Within months, however, Delta followed American's lead and established nearly identical charges for passengers' checked bags.

20. At airports across the country, at Delta's sole direction and undertaking, personnel began representing to passengers that a fee was now required to ensure the timely delivery of their checked baggage.

21. Delta charges its checked baggage fees separate and apart from the amount already charged for the passenger's airline ticket.

22. Delta's imposition of fees was not by state or federal mandate, but was done on its own initiative.

23. Delta's website, under the title of CUSTOMER COMMITMENT, concedes

> **3. Delivering baggage on time**
> It is our intention to deliver your baggage on time. However, in the event that this does not occur, we will strive to return your misplaced baggage within 24 hours.
> (http://www.delta.com/legal/delta_customer_commitment/index.jsp)

24. Delta's checked baggage fees are charged in the context and commercial setting of a passenger and airline contracting for passage to a set destination.

25. A passenger wishing to transport baggage with him or her on the same flight must pay a checked baggage service fee.  Thus, Delta offers to passengers a baggage transportation service, whereby the airline will transport the passenger's bag, along with the passenger, for an additional charge of $15.

26. Once the consideration (baggage fee) is paid for the additional designated baggage service, the baggage is taken into the sole custody and control of the airline.

27. Given the parties' actions, conduct, and representations, and the commercial setting, it is axiomatic that the baggage service fee is for the service of transferring the baggage, with the passenger, to the agreed location free from harm.

28. Notwithstanding the parties' intent and mutual assent, Delta loses, damages, destroys, and/or delays the delivery of a large percentage of bags each day on flights within, and originating from, the United States.

29. Plaintiff and Delta agreed that Plaintiff would depart on Flight NW 0220, from Honolulu, Hawaii, on June 30, 2009 at 1:10 p.m., scheduled for an arrival at the Seattle Tacoma International airport at approximately 9:49 p.m.

30. On June 30, 2009, the same day as his flight, Delta offered Plaintiff the option of checking his and his family's bags onto Flight NW 0220 for a fee of $15.00 each.

31. Plaintiff accepted the $15.00 charges for the each of the checked bags, and paid, for each of the four airline tickets he had purchased, for one checked bag.

32. Thereafter, Delta charged Plaintiff four $15 checked-baggage fees, on his credit card, for the handling and delivery of four checked bags from Hawaii to Seattle, Washington on Flight NW 0220.

33. Delta failed to timely deliver one of the checked bags that Plaintiff paid for, with him on his flight, and was unable to locate the bag for more than twenty-four hours.

34. Delta never refunded Plaintiff the checked baggage fee.

35. Plaintiff now brings this suit on behalf of himself and others similarly situated for a refund of the baggage fees charged by Delta for failing to timely deliver his baggage and for otherwise losing, damaging, or destroying baggage during travel in the United States as well as on flights originating from the United States to foreign destinations.

36. Delta has breached its self-imposed undertaking with Plaintiff under both state and federal common law, and a remedy is sought and exists both in law and in equity.

## IV. CLASS ACTION ALLEGATIONS

37. Plaintiff brings a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and as a representative of the following persons:

> All passengers who flew on a flight originating in the United States, who were charged a baggage fee, and who had their bag lost, delayed, damaged, and/or destroyed while it was in the custody and control of Delta.

38. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy of representation and superiority requirements for class action certification pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

1  39. The class satisfies the numerosity standards. The class is believed to number in the
2  thousands of persons. As a result, joinder of all class members in a single action is impracticable.
3  40. Delta is in exclusive possession of the exact number of the class and such discovery
4  should be provided immediately. Class members may be informed of the pendency of this class
5  action through direct mail.
6  41. There are questions of fact and law common to the class, which predominate over
7  any questions affecting only individual members. The questions of law and fact common to the
8  class arising from Delta's actions include, without limitation, the following:

(1) Whether Delta breaches its agreements with passengers from whom it has collected a baggage fee each time it fails to timely deliver the baggage to passengers, free from damage, at the agreed-upon destination.

(2) Whether Delta breaches its agreements with passengers from whom it has collected a baggage fee each time it damages or destroys the baggage.

(3) Whether Delta is obligated to refund the baggage fee charged to class members each time it fails to timely deliver the baggage to passengers, free from damage, at the agreed-upon destination.

(4) Whether Delta is obligated to refund the baggage fee charged to class members each time it damages or destroys the baggage.

(5) Whether Delta has been unjustly enriched by retaining the baggage fees when it does not deliver the baggage with the passengers.

42. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiff's claims.

43. Plaintiff's claims are typical of those of the class in that he was charged a baggage fee and was not refunded the fee even though his bags failed to arrive with him at his destination.

44. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Delta has acted or refused to act on grounds generally applicable to the class.

1 The presentation of separate actions by individual class members could create a risk of

2 inconsistent and varying adjudications, establish incompatible standards of conduct for Delta,

3 and/or substantially impair or impede the ability of class members to protect their interests.

4      45. Further, Delta has failed to take action as required under common law, on grounds

5 applicable to the class, thereby making appropriate final injunctive relief or corresponding

6 declaratory relief as respect to the class as a whole necessary and appropriate.

7      46. Plaintiff is an adequate representative of the class because he is a member of the

8 class and his interests do not conflict with the interests of the members of the class he seeks to

9 represent. The interests of the members of the class will be fairly and adequately protected by

10 Plaintiff and his undersigned counsel, who have extensive experience prosecuting and defending

11 complex class-action litigation.

12      47. Maintenance of this action as a class action is a fair and efficient method for the

13 adjudication of this controversy. It would be impractical and undesirable for each member of the

14 class who suffered harm to bring a separate action. In addition, the maintenance of separate

15 actions would place a substantial and unnecessary burden on the courts and could result in

16 inconsistent adjudications, while a single class action can determine, with judicial economy, the

17 rights of all class members.

### COUNT I

### Breach of Contract

20      48. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

21      49. Beginning in 2008, Delta offered to transport Plaintiffs' checked bags in exchange

22 for a fee.

23      50. Delta's baggage fee was in addition to the price the passenger paid for the airline

24 ticket to transport the passenger to his or her destination.

25      51. Delta thus offered passengers an optional and separate service of transporting

26 their baggage on their flights.

27

28

**PLAINTIFF'S SAC**       - 6 -       **ONGARO BURTT & LOUDERBACK LLP**
**Case No. 2:10-cv-01263-RSM**       595 Market Street, Suite 610
San Francisco, CA 94105
Telephone: 415-433-3900  Facsimile: 415-433-3950

1  52. Delta offered Plaintiff the option of checking a bag for a fee of $15.00. Plaintiff
2 accepted Delta's offer and was charged a fee of $15.00 for the handling and delivery of his bag
3 from Hawaii to Seattle, Washington.

4  53. Upon acceptance of this consideration, Delta accepted Plaintiff's bag.

5  54. Given the commercial setting and the parties' actions, conduct, and
6 representations, a contract was formed between the parties that the checked baggage fee is paid
7 for Delta's service of transporting the checked bag with the passenger on his or her flight, to the
8 agreed location free from harm.

9  55. Plaintiffs paid the baggage fee with the expectation, and intent that in exchange for
10 the baggage fee Delta would not damage or destroy their checked baggage and would timely
11 deliver it to the agreed-upon destination. In other words, Delta offered, and Plaintiffs accepted
12 and paid consideration for the timely transportation of their baggage free from harm forming
13 mutual assent and a contract.

14  56. Upon information and belief, Delta did not provide any information to Plaintiffs by
15 any means including posted signs, or information provided through Delta's representatives,
16 which contradicted the parties' intent upon payment of the baggage fee. Therefore, there was no
17 expressed representation that would lead any reasonable passenger to believe that Delta's
18 baggage service still allowed the airline to destroy, damage, delay, or lose the passengers bag and
19 earn the consideration it charged for its very transportation.

20  57. Upon information and belief, Delta intended Plaintiffs to believe that the baggage
21 fees were charged for the timely delivery of passengers' checked baggage that was not damaged or
22 destroyed. Delta's website explicitly informs its passengers of its intent:

23
> It is our intention to deliver your baggage on time. However, in the event that this does not occur, we will strive to return your misplaced baggage within 24 hours.
24

25  58. Plaintiffs reasonably believed – based on Delta's representations– that when they
26 were required to pay a separate charge for the transportation of their baggage in addition to the
27 price of the ticket, they were paying for the timely delivery of their checked baggage that was not
28 damaged or destroyed.

PLAINTIFF'S SAC                                  - 7 -                  ONGARO BURTT & LOUDERBACK LLP
Case No. 2:10-cv-01263-RSM                                                         595 Market Street, Suite 610
                                                                                   San Francisco, CA 94105
                                                                     Telephone: 415-433-3900 Facsimile: 415-433-3950

59. Delta created the baggage fee, charged passengers the fee in addition to the price of an airline ticket, advertised the fee, posted the fee, and accepted the baggage fee as consideration from Plaintiffs as a self-imposed undertaking to timely deliver undestroyed and undamaged baggage to a passenger's destination.

60. Delta's conduct, actions, and representations all served to form this agreement with its customers.

61. When Delta permanently loses, destroys, or fails to timely deliver passengers' checked baggage, it breaches its agreement with its passengers by failing to perform the very service it was paid to perform.

62. Such a contract is formed under real law, both implied in fact, as well as by the express representations made by the parties.

63. Delta breached its agreement—under both state and federal common law—with Plaintiff, by failing to timely deliver his bags, and further breached its agreement with all other similarly situated Plaintiffs when it failed to deliver their bags free from damage or destruction.

64. Plaintiffs have suffered damages in an amount to be determined at trial, including, but not limited to, the amount of baggage fees accepted and retained by Delta for baggage it damaged or destroyed or otherwise failed to timely deliver to the agreed-upon destination.

## COUNT II

### Unjust Enrichment/ Quasi Contract

65. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

66. Plaintiffs conferred a benefit upon Delta when they paid the baggage fees, and upon acceptance of the baggage fees Delta had knowledge of the benefit.

67. Imposition of these baggage fees enriched Delta and increased its revenue, as was its intention. Delta's acceptance of these fees imposed upon it an obligation to deliver the baggage, along with the passenger, to the agreed-upon destination, and to refrain from damaging or destroying the baggage. This obligation was self imposed with Delta's choice to create the baggage fee.

68. Delta's retention of the baggage fees becomes unjust, however, when Delta fails to timely deliver a customer's bag to the agreed-upon destination without damage.

69. By retaining the baggage fee in such instances, Delta has been unjustly enriched under both state and federal common law.

70. Plaintiff was, and all others similarly situated were, thereby damaged in an amount to be determined at trial.

## COUNT III

### Breach of the Covenant of Good Faith and Fair Dealing

71. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

72. Implicit in every agreement is the covenant of good faith and fair dealing.

73. When Delta collects a baggage fee for checked baggage, acceptance of that fee from the passenger obligates the airline to timely transport the passenger's baggage to its agreed-upon destination free of damage.

74. In failing to refund the baggage fee to Plaintiffs, and all others whose baggage it failed to timely deliver free of damage, Delta breached the covenant of good faith and fair dealing under both state and federal common law.

75. Plaintiff was, and all others similarly situated were, thereby damaged in an amount to be determined at trial.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all others similarly situated, demand judgment against Delta and pray for:

A. Order Delta to make Plaintiff and the other class members whole by immediately refunding all baggage fees charged for a bag that was lost, damaged, or delayed.

B. Order Delta to provide full restitution to Plaintiff and other class members.

C. Order Delta to make Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

1    D.   Order Delta to make Plaintiff and the other class members whole by providing
2 compensation for past and future non-pecuniary losses resulting from the unlawful practices
3 described in the above paragraphs, in amounts to be determined at trial.
4    E.   Order Delta to make Plaintiff and the other class members whole by providing
5 appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative
6 relief necessary to eradicate the effects of its unlawful practices.
7    F.   Award Plaintiff and the other class members the costs of this action, including
8 attorneys' fees.
9    G.   Grant any additional or further relief as provided by law, which this Court finds
10 appropriate, equitable, or just.

## VI. DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury.

## VII. DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Seattle, Washington as the place of trial.

DATED:  April 22, 2011                     ONGARO BURTT & LOUDERBACK LLP


By:   /s/ *David R. Ongaro*
David R. Ongaro, admitted *pro hac vice*
595 Market Street, Suite 610
San Francisco, CA 94105
Telephone:  (415) 433-3900
Facsimile:  (415) 433-3950

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business is 595 Market Street, Suite 610, San Francisco, CA 94105.

I hereby certify that on April 22, 2011 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David M. Jacobson, Esq.
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

Attorney for Defendants Delta Air Lines, Inc., and Northwest Airlines, Inc.

Lauren K. Hemingway, Esq.
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

Attorney for Defendants Delta Air Lines, Inc., and Northwest Airlines, Inc.

Gavin W. Skok, Esq.
Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192

Attorney for Defendant United Air Lines, Inc.

Executed on April 22, 2011, at San Francisco, California.

            /s/ David R. Ongaro
              David R. Ongaro

PLAINTIFF'S SAC   - 11 -   ONGARO BURTT & LOUDERBACK LLP
Case No. 2:10-cv-01263-RSM    595 Market Street, Suite 610
San Francisco, CA 94105
Telephone: 415-433-3900  Facsimile: 415-433-3950