UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY SCHULTZ, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., a Delaware corporation d/b/a UNITED AIRLINES, et al.,<br><br>Defendant. | CASE NO. C10-1263RSM<br><br>ORDER ON SANCTIONS |

This matter is before the Court for consideration of plaintiff's response to the Court's March 25, 2011 Order to Show Cause. The Court directed plaintiff to show cause why he should not be subject to sanctions pursuant to Fed.R.Civ.P. 11 for failing to investigate claims, and for asserting claims with no factual basis. Dkt. # 59. Plaintiff has responded to the Order to Show Cause, but his response fails to dissuade the Court from ordering sanctions. For the reasons set forth below, the Court shall sanction plaintiff and counsel for their conduct in this matter.

| | |
|---|---|
| 1 | BACKGROUND |

2  Defendant United Air Lines, Inc., ("United") originally raised this issue in a Rule 11
3  motion which the Court converted to a motion on its own initiative pursuant to Rule 11(c)(3).[1]
4  United asserted in the motion that there was no factual basis whatsoever for plaintiff's claim that
5  he was charged a fee of $25 to check a bag on a flight to Sydney, Australia on October 26, 2009,
6  because (a) he did not fly to Australia on that day, and (b) United does not charge for the first
7  two checked baggage on international flights. Plaintiff opposed the motion for sanctions on two
8  bases: (1) the mistake in the date was inadvertent, and he was in fact charged the $25 fee on his
9  flight to Sydney on February 3, 2010; and (2) United failed to comply with the "safe harbor"
10 provision of Rule 11, by failing to serve him with a copy of the motion for sanctions twenty-one
11 days before filing, as required by Rule 11(c)(2).[2] While this deficiency prevented the Court from
12 granting United's motion, the Court was sufficiently concerned over the issues raised that it
13 determined to consider the matter on its own initiative pursuant to Rule 11(c)(3). As the matter

---

[1] Plaintiff contends in his response to the Order to Show Cause that *sua sponte* sanctions "will ordinarily be imposed only in situations that are *akin to contempt of court.*" Plaintiff's Response to OSC, Dkt. # 62, p. 6; *quoting United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F. 3d 1102, 1116 (9th Cir. 2001) (emphasis in original). However, as the appellate court explained in that case, the distinction between treatment of a party's motion and a court's *sua sponte* determination on sanctions arises from the fact that in the latter case the offending party does not have the benefit of Rule 11's "safe harbor" provision. As noted below in note 2, counsel complied with the intent of the safe harbor provision by advising plaintiff that he would be filing both a motion to dismiss and a motion for sanctions if plaintiff did not withdraw his complaint. Therefore, the more stringent standards for sanctions under Rule 11(c)(3) do not apply here.

[2] Although counsel did not demonstrate that he served a copy of the actual motion for sanctions twenty-one days prior to filing it, he did give plaintiff notice of the lack of factual and legal basis for his claims by letter, detailing the facts and asking plaintiff to withdraw his baseless complaint or face both a motion to dismiss and a Rule 11 motion for sanctions. Declaration of Gavin Skok, Dkt. # 45, Exhibit A. This letter was sent to plaintiff twenty-one days before the motion to dismiss was filed, thus complying with the spirit, if not the letter, of the "safe harbor" provision of Rule 11.

of sanctions was first raised by United's motion, this is not a true *sua sponte* determination subject to the more stringent standards applicable under Rule 11(c)(3).  *See,* notes 1 and 2 above. However, as set forth below, the Court finds plaintiff's conduct sufficiently egregious to meet even the more stringent standards of Rule 11(c)(3).

## DISCUSSION

**I.  Legal Standard**

Rule 11 provides, in relevant part,

**(b) Representations to the Court.**

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed.R.Civ.P. 11(b)(3).   Pursuant to this rule, after notice and a reasonable opportunity to respond, the Court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Fed.R.Civ.P. 11(c)(1).

Rule 11 generally provides guidelines for attorneys to follow when submitting a pleading to the court. The rule "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990). "The central purpose of Rule 11 is to deter baseless filing in district court[.]" *Id*. (internal quotations omitted).

1   Additionally, "[s]anctions must be imposed on the signer of a paper if the paper is

2   'frivolous.'" *In re Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996). Although the

3   word "frivolous" does not appear in the text of the rule, it is well-established that it

4   denotes "a filing that is both baseless and made without a reasonable and competent

5   inquiry." *Id.* (citation omitted) (emphasis in original).  The sanction that is imposed under

6   Rule 11 must be "limited to what suffices to deter repetition of the conduct or comparable

7   conduct by others similarly situated." Fed.R.Civ.Proc. 11(c)(4).

8          The Court also has authority to impose sanctions, including attorneys' fees, against

9   an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously."

10  28 U.S.C. § 1927.  Section 1927 provides the mechanism for sanctioning conduct that

11  occurs after commencement of an action.  *Cunningham v. County of Los Angeles*, 879

12  F.2d 481, 490 (9th Cir. 1988).    It requires a finding of bad faith. *Salstrom v. Citicorp*

13  *Credit Services, Inc*., 74 F.3d 183, 184 (9th Cir. 1995) (citing *MGIG Indem. Corp. v.*

14  *Moore*,  952 F. 2d 1120, 1122 (9th Cir. 1991)).   An attorney's bad faith is assessed under

15  a subjective standard.  Knowing or reckless conduct meets this standard. *New Alaska Dev.*

16  *Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989).

17          **II.  Plaintiff's Conduct**

18          In his original complaint, plaintiff asserted, in relevant part,  that

19          26.  On October 26, 2009, United charged Plaintiff a $25 fee for the handling and
            delivery of his bag from Seattle, Washington to Sydney, Australia.
20
            27.  Upon arrival in Sydney, Plaintiff learned that United failed to load his bag on
21          the flight.

22          28.  Although United failed to timely deliver Plaintiff's bag to the agreed-upon
            destination, United never refunded Plaintiff the $25 baggage fee.
23
    Complaint, Dkt. # 1, ¶¶ 26-28.
24

On September 17, 2010, in response to the complaint, United advised plaintiff by letter that (1) it does not charge for the first two checked bags on international flights, including the flight to Sydney, and (2) the $25 that plaintiff paid on October 26, 2009 was for a change in his PNR ("passenger name record") in connection with the Sydney flight, charged because Mr. Schultz changed the date of his flight from October 2009 to February, 2010.  Declaration of Gavin Skok, Dkt. # 45, Exhibit A.  The letter quoted United's International Checked Baggage policy, which allows passengers to check two bags for free, and provided a website for counsel for plaintiff to confirm this.  *Id*.  The letter also advised plaintiff that a motion to dismiss and a Rule 11 motion for sanctions would be filed if he did not withdraw the baseless complaint. *Id*.  Plaintiff declined to do so, and United filed its motion to dismiss on October 8, 2010. Dkt. # 17.

Plaintiff responded to the motion to dismiss by filing an amended complaint.  Dkt. # 20.  With respect to United, the allegations in the amended complaint are identical to the ones in his original complaint, set forth above.  *Id*., ¶¶ 27-29.  Specifically, despite United's letter noting that the October 26, 2009 charge of $25 was a fee to change the flight to one in February, the amended complaint alleges that plaintiff flew to Sydney on October 26, 2009 and paid a fee to check baggage on that day.   It appears that this claim was based on plaintiff's credit card bill showing a charge of $25 paid to United on that day.  The claim was asserted despite plaintiff's knowledge that he did not fly to Sydney Australia in October of 2009.

In moving to dismiss the amended complaint, United produced the evidence that plaintiff did not fly to Sydney on October 26, 2009, and that the $25 PNR fee was to  change his flight date to February 3, 2010.  The Court granted United's motion to dismiss in a 3-page order, based

1 on plaintiff's lack of standing to assert the claim, because he did not fly and did not pay a fee to
2 check baggage on the date claimed. Dkt. # 40. Plaintiff did not move for reconsideration.

3       Plaintiff's false assertion in the complaint and amended complaint that he paid a fee to
4 check baggage for a flight on October 26, 2009, is the basis for United's Rule 11 motion.[3] In
5 considering this assertion on its own initiative, the Court notes that United gave plaintiff ample
6 notice of the Rule 11 violation, and an opportunity to respond by withdrawing the complaint.
7 Instead of doing so, plaintiff re-alleged **the same claim**, including the October 26 flight date,
8 even after being advised in the letter of September 17, 2010, and United's original motion to
9 dismiss, that plaintiff did not fly on October 26, and that United does not charge for the first two
10 checked bags on international flights. It is this conduct that forms the basis for sanctions, as
11 plaintiff knew from the beginning that he did not fly to Australia on October 26, 2009, yet re-
12 asserted the claim even after being advised by United that this was false. Counsel failed to
13 adequately investigate his client's claim. Given that his claim caused United to file two separate
14 motions to dismiss, and caused the Court to expend considerable time in considering the matter,
15 this false claim cannot be written off as a mere "inadvertent" error as plaintiff asks.

16       In opposing United's motion for sanctions, plaintiff compounded his error by asserting,
17 for the first time, that he actually paid a baggage check fee for the February, 2010, flight to
18 Sydney. He offered a copy of his credit card bill as proof, showing a $25 charge dated February
19 3, 2010, from United. In a sworn declaration, plaintiff described how he paid this $25 fee to the
20 agent at the airport to check one bag. He states, "The United Airlines representative told me I
21 needed to pay a $25.00 fee in order to check my bag." Declaration of Tony Schultz, Dkt. # 49, ¶

---

23     [3] United also notes that plaintiff has sought news coverage for his claim. Motion for
24 Sanctions, Dkt. # 44, p.1.

7. However, in reply, United presented evidence that the $25 paid by plaintiff at the airport on February 3 was for an electronic visa to enter Australia (Electronic Travel Authority or ETA"), not a baggage check fee. Defendant's Reply, Dkt. # 52; Declaration of Sarah Voss, Dkt. # 54. Plaintiff's assertion of this claim, again based solely on his credit card bill, was baseless in light of United's checked baggage policy for international flights, to which United had pointed on several occasions, beginning with the September 17 letter. Instead of recognizing his error, plaintiff moved to strike this evidence as "new evidence" presented for the first time on reply. The Court denied plaintiff's motion to strike. Dkt. # 59.

**III. Findings**

Plaintiff Tony Schultz did not fly to Australia on October 26, 2009 as claimed in the complaint and amended complaint. Plaintiff himself knew this fact, and counsel was informed of the error by United in the letter dated September 17, 2010. United stated in that letter that Mr. Schultz did not fly to Australia on October 26, 2009; that the $25 fee he was charged in October 2009 was for changing his reservation to a flight in February, 2010, not a baggage check fee; and that United does not charge for the first two checked bags on international flights. Declaration of Gavin Skok, Dkt. 45, Exhibit A. This fact was supported with a citation to United's website with the International Checked Baggage policy, and copies of plaintiff's reservation records. *Id.* United asked plaintiff to withdraw his class action complaint against United as it lacked any factual basis.

Plaintiff did not withdraw his complaint, so United filed a motion to dismiss, pointing out these deficiencies in the complaint. Dkt. # 17. Plaintiff responded by filing an amended complaint, but as to United, it bore the same baseless factual allegations as the original complaint. Dkt. # 20. United responded with a second motion to dismiss, and the motion was

granted. Dkt. ## 24, 40. Plaintiff did not move for reconsideration, but later, in opposing sanctions, asserted that he did in fact pay a fee to check baggage on the February 3, 2010 flight to Sydney. Declaration of Tony Schultz, Dkt. # 49. While this declaration was presented in an attempt to show an inadvertent error in the date of his flight, the claim that he paid a fee to check baggage on that flight was as baseless as the original claim.

The Court finds that the original and amended class action complaints both bore claims against United that were baseless, made without reasonable inquiry, and thus frivolous within the meaning of Rule 11. *In re Keegan Mgmt. Co.*, 78 F.3d at 434. The filing of Mr. Schultz's sworn declaration that he paid $25 to check a bag on the February 3, 2010 flight that he did take constitutes another incident of failure to properly investigate the claim. It was frivolous to assert this claim in the face of United's stated policy on checked bags on international flights. Plaintiff and counsel are both subject to sanctions under Rule 11 for this conduct.

The Court further finds that in filing the amended complaint with the same baseless allegations against United, counsel unreasonably and vexatiously multiplied the proceedings, requiring United to file a second motion to dismiss, and requiring the Court to expend additional time on the matter. Re-filing the same baseless claims against United in the amended complaint constitutes knowing or reckless conduct so as to constitute bad faith within the reach of §1927 sanctions. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d at 1306.

## CONCLUSION

   Counsel has a duty under Rule 11 to reasonably investigate a claim. Plaintiff had no basis for asserting the cause of action against United in the first place; no basis for refusing to dismiss it after being advised of the deficiencies in the September 17 letter; and even less justification for re-filing the same claims in the amended complaint after United filed the first motion to dismiss. Plaintiff and his counsel are accordingly subject to sanctions under Rule 11. The Court finds that the amount of $1000 should be sufficient to deter repetition of this conduct. Fed.R.Civ.P. 11(c)(4). In addition, counsel shall be required under 28 U.S.C. §1927 to pay United's costs and reasonable attorneys' fees for the expenses of bringing the second motion to dismiss.

   It is accordingly ORDERED:

   (1) Plaintiff and his attorney shall, on or before July 15, 2011, jointly pay into the registry of the Court the sum of $1000; and

   (2) United shall, within twenty days of the date of this Order, present a petition with supporting documentation for the fees and expenses reasonably incurred in bringing the second motion to dismiss, Dkt. # 24. Plaintiff may file a response or objection within ten days after the petition is filed, and United may file a reply within ten days thereafter.

   (3) The Clerk shall note United's petition for attorneys' fees on the Court's calendar for August 5, 2011.

   DATED: June 22, 2011.

                RICARDO S. MARTINEZ
                UNITED STATES DISTRICT JUDGE