UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY SCHULTZ, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., a Delaware corporation d/b/a UNITED AIRLINES, et al.,<br><br>Defendant. | CASE NO. C10-1263RSM<br><br>ORDER ON FEE PETITION |

This matter is before the Court for consideration of a petition for fees submitted by defendant United Airlines, Inc. ("United"). Dkt. # 72. The Court on June 22, 2011, found that plaintiff and his counsel are subject to sanctions under both Rule 11 and 28 U.S.C. § 1927, including payment of attorneys' fees incurred by United in bringing a second motion to dismiss. Dkt. # 70. The Rule 11 sanctions have been paid. United was directed to file a petition for fees under § 1927, and plaintiff was given an opportunity to file objections. *Id*. United submitted a request for $16,931, together with a supporting declaration and billing statements. Plaintiff

objects to certain categories of the submission. Having considered the petition for fees, plaintiff's objections, and United's reply, together with the unredacted statement of billing charges submitted for *in* camera review, the Court shall grant in part, and deny in part, the petition for fees as set forth below.

(1) **United's Communications with Delta**

Plaintiff objects to United's billing for time spent conferring with counsel for co-defendant Delta Airlines, arguing that this time was unrelated to United's successful motion to dismiss. However, as United explains, co-defendant Delta Airlines was preparing a motion to dismiss which was filed the same day as United's motion. Dkt. ## 21, 24. Delta's motion argued issues such as federal preemption and breach of contract, which United also presented in its motion. While United's motion was granted on the basis of plaintiff's lack of standing (he did not pay a checked baggage fee as claimed), it was prudent and appropriate to include the alternative basis of federal preemption in the motion to dismiss. That argument was tested and found successful in the Order granting Delta's motion to dismiss. Dkt. # 61.

The Court will not exclude time devoted to discussion with Delta's counsel on federal preemption and other issues presented in the motions to dismiss. However, certain of the billing entries reflect time spent discussing other matters, such as class certification and discovery, and this time shall be excluded. Time spent reviewing Court Orders after the motion to dismiss was fully briefed shall also be excluded. Thus the following amounts shall be deducted:

    10/25/2010 [Gavin Skok] **$195** (0.6 hours @ $325 per hour)

    11/17/2010 [Gavin Skok] **$32.50**

    12/09/2010 [Gavin Skok] **$97.50**

    12/21/2010 [Gavin Skok] **$65.00**

| | |
|---|---|
| 1 | 1/28/2011 [Gavin Skok] **$130.00** |

Total amount to be excluded in this category: **$520.00**

### (2) Charges Incurred after Completion of Briefing

Plaintiff challenges billing entries for work done after briefing on United's motion to dismiss was complete, arguing that the charges are not related to the cost of bringing the motion. While the Court agrees, it notes that some of the charges plaintiff seeks to exclude duplicate charges already excluded in the previous category. Further the Court finds that time spent in communication with in-house counsel for United regarding the Court's Order on the motion to dismiss and the possibility of sanctions should be covered. Accordingly, the following charges shall be deducted:

12/15/2010 [H. Mohr] **$253**

1/11/2011 [H. Mohr] **$69.00**

1/12/2011 [Gavin Skok] **$130.00**

Total amount to be excluded in this category: **$452.00**

### (3) Unrelated or Unsupported Charges

Plaintiff asserts that certain other charges are unrelated to the motion to dismiss, and many others have been redacted so that he cannot make a determination as to whether they are related to the motion. Counsel for United filed a redacted billing statement in order to protect work product and attorney-client privilege, but presented an unredacted copy to the Court for *in camera* review. Dkt. # 76. Having reviewed the unredacted billing statement for an explanation of the submitted charges, the Court finds that the majority of the challenged charges are reasonably related to bringing the motion to dismiss. The others, specifically charges for $97.50 on 12/9/2010, for $69.00 on 1/11/2011, and for $130.00 on 1/12/2011, have already been

excluded. Therefore only the following amount needs to be excluded as not reasonably related to the motion to dismiss:

    10/11/2010 courier expenses **$10.00**

## CONCLUSION

Of the charges challenged by plaintiff, the Court finds that a total of **$982** in charges should be excluded from the fee award. Deducting this amount from the fee petition request of $16,931 results in a reasonable fee award under 28 U.S.C. § 1927 of **$15,949.00.** Counsel for plaintiff shall pay this amount to United within twenty days of the date of this Order.

Dated August 23, 2011.

                                                RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE